United States District Court
for the
Southern District of Florida

| Felisia Williams, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-22422-Civ-Scola |
| | ) |
| Carnival Corporation d/b/a | ) |
| Carnival Cruise Line, Defendant. | ) |

**Order on Motion for Partial Summary Judgment**

This matter is before the Court on the Defendant's motion for partial summary judgment. (ECF No. 33.) After reviewing the parties' written submissions and exhibits, and the applicable law, the Court **grants** the Defendant's motion for partial summary judgment (**ECF No. 33**).

I.  **Factual Background**

Plaintiff Felisia Williams was a passenger on board the Defendant's vessel *Carnival Splendor*. (ECF No. 33 at 1.) According to the Plaintiff, while on the ship, she slipped and fell on a slippery condition on the floor of the Lido Deck adjacent to the Pizza Pirate food station. (ECF No. 38 at 1.) The fall allegedly caused Williams to suffer serious injuries including a concussion, brain injury, and deep laceration injuries to her arm which have developed into Complex Regional Pain Syndrome (CRPS). (*Id.*) The Plaintiff then went to the ship's infirmary where she received stitches for her injury. (ECF No. 1 at ¶ 22.) While being treated in the infirmary, the Plaintiff shifted her weight to get off the examining table and fell off the examining table. (ECF No. 38-1 at 232:21-23.) The table tipped over and hit her on the head. (*Id.* at 127:11-178:12.) The Plaintiff testified that she did not sustain any additional injuries to those already suffered during the slip and fall (*id.* at 134:23-135:2) but the examining table hit her on the head a second time. (*Id.* at 220:19-21.)

The Defendant moves for summary judgment on the allegations related to the incident with the examining table in the ship's infirmary. (ECF No. 33.) Although not pleaded as a separate cause of action[1], the Plaintiff argues that

---

[1] The Plaintiff's complaint is a shotgun pleading. The Plaintiff's single negligence count raises numerous distinct theories of liability, including negligent maintenance of the deck floor, failure to warn, failure to monitor the Plaintiff during her medical examination, and failure to maintain the examining table. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). A shotgun

Carnival's medical staff failed to supervise the Plaintiff while she was being treated and this resulted in her falling off the examining table and hitting her head. (ECF No. 38 at 9.)

## II. Legal Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. In reviewing a motion for summary judgment, the Court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1143 (11th Cir. 2007)). So, when a conflict arises between the facts presented by the parties, the Court must credit the nonmoving party's version. *Id.* The moving party bears the burden of proof to demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. "The moving party may meet its burden . . . by pointing out to the court the absence of evidence to support the non-moving party's case. The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1235 (S.D. Fla. 2006) (Moreno, J.).

## III. Analysis

The Defendant moves for summary judgment on the allegations related to the infirmary incident arguing that the Plaintiff has not put forth any evidence that the Defendant breached the standard of care during the infirmary incident. (ECF No. 33 at 7.) The Defendant also argues that the Plaintiff fails to prove that she sustained any damages causally related to the infirmary incident. (*Id.* at 10.) In response, the Plaintiff argues that because the incident in the infirmary is a foreseeable consequence of Carnival's negligence in the slip and fall, it does not have to prove breach again. (ECF No. 38 at 8-9.) The Plaintiff also argues that although she may have testified that she did not suffer new injuries from falling off the examining table, she testified that she suffered a second blow to the head. (*Id.* at 12.) Upon careful review, the Court agrees with the Defendant.

---

pleading makes it difficult for the Court to meaningfully assess the Plaintiff's claims. For the purposes of this Order, the Court will treat the Plaintiff's allegations related to the infirmary and medical examination as a separate count for negligence.

To establish negligence based on the medical staff's treatment of the Plaintiff, the Plaintiff must establish a duty of care, a breach of that duty, causation, and damages. *Isbell,* 462 F. Supp. 2d at 1236. The Plaintiff argues that she does not have to prove breach because the slip and fall on the Lido Deck "serves as the basis of liability for the foreseeable harm Plaintiff suffered during the later medical treatment." (ECF No. 38 at 12.) The Plaintiff cites no case law to support this proposition. Instead, the Plaintiff argues that "[t]he question presented is whether the medical center incident was a foreseeable intervening event or an unforeseeable, superseding event." (Id. at 8.) The issue of intervening causes and foreseeability are questions of causation. RESTATEMENT (SECOND) OF TORTS, § 281 cmt. h (1979); § 435 cmt. c. The Plaintiff fails to note that she must also establish duty, breach, and damages to prevail on her negligence claim.

Under Florida law,

> Where one who has suffered personal injuries by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon, and in following his advice and instructions, and his injuries are thereafter aggravated or increased by the negligence, mistake, or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment thereof, and holds him liable therefor.

*Nason v. Shafranski,* 33 So. 3d 117, 120-121 (Fla. 4th DCA 2010) (citing *Stuart v. Hertz,* 351 So. 2d 703, 707 (Fla. 1977)). If read carefully, this requires that the medical provider act *negligently* or breach some duty of care. Here, the only allegation related to the medical provider's conduct is that "Carnival's doctors failed to monitor the Plaintiff." (ECF No. 38 at ¶ 36.) The Plaintiff does not put forth any expert testimony that the Carnival doctor breached the standard duty of care or otherwise acted negligently. There is no evidence that Williams was left alone or unmonitored. In fact, there is no dispute that she fell while the doctor was with her. (Palacios Depo. at 35:12-20, ECF No. 28-2; Williams Depo. at 221:13-20, ECF No. 221.) Therefore, the Plaintiff has failed to establish that Carnival's medical staff breached the duty of care.

To survive summary judgment, the Plaintiff must also present record evidence that she suffered damages. *Isbell,* 462 F. Supp. 2d at 1236. Here, Williams fails to put forth any evidence of damages suffered from the infirmary incident other than asserting that she hit her head, which *may* have aggravated her previous injury. (ECF No. 38 at 12.) The Plaintiff does not argue that the

infirmary incident did indeed aggravate her existing head injury or present expert testimony to that effect. (*Id.*) Instead, the Plaintiff skirts around the issue of whether the second incident actually aggravated her head injury.

> That Plaintiff did not suffer any brand-new injuries does not necessarily mean that the Plaintiff did not suffer aggravation of certain injuries due to the circumstances at the medical center. In fact, Plaintiff explicitly testified that she suffered a second blow to her head . . . While the Plaintiff did not appear to incur any further injury or aggravation of her left-hand nerve injuries, she did testify to a second knock to her head.

(*Id.* at ¶ 33.) There are no medical records or testimony discussing her potentially "aggravated" head injury. Therefore, the Plaintiff's claim related to the infirmary incident must fail. *See Poole v. Carnival Corp.*, 14-20237, 2015 WL 1566415, at *6 (S.D. Fla. April 8, 2015) (Cooke, J.) (granting summary judgment in cruise ship negligence case where plaintiff testified to a fractured skull and various injuries but there was "no record evidence to support her claims").

### IV. Conclusion

The Court therefore **grants** the Defendant's motion for partial summary judgment. (**ECF No. 33**.) The Court grants summary judgment in favor of the Defendant with regard to any theory of liability based on the infirmary incident.

**Done and ordered** in chambers, at Miami, Florida, on June 27, 2019.

Robert N. Scola, Jr.
United States District Judge